IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MELVIN MORALES,<br>    Plaintiff,<br><br>        v.<br><br>BAH LOGISTICS LLC ET AL.,<br>    Defendants. | CIV. NO. 25-1106 (FAB-MDM) |

REPORT AND RECOMMENDATION

Before the Court is Defendant BAH Logistics LLC's ("BAH") Motion to dismiss for lack of personal jurisdiction and failure to state a claim. (Docket No. 15). Plaintiff Melvin Morales ("Plaintiff" or "Morales") filed an Opposition (Docket No. 18), and BAH filed a Reply. (Docket No. 24). The matter was referred to the undersigned by the presiding judge for a Report and Recommendation. (Docket No. 20). For the reasons set forth below, the undersigned finds that it lacks personal subject matter jurisdiction and therefore **RECOMMENDS** that BAH's Motion to Dismiss be **GRANTED**.

## I.    Relevant Factual and Procedural Background

Plaintiff, a resident of Puerto Rico, brings this diversity action seeking damages arising from a contract for the interstate shipment of a concrete pump truck. (Docket No. 1). Specifically, Plaintiff alleges that he engaged Defendant BAH, a freight broker headquartered in California, to coordinate the transportation of the equipment from Salt Lake City, Utah, to Jacksonville, Florida. (*Id.* at ¶ 8).

Plaintiff contends that BAH was negligent in its professional duties by selecting and vetting Defendant Infinite Trucking Company LLC ("Infinite Trucking") as the motor carrier responsible for the transit. During the journey from Utah to Florida, the pump truck was involved in a motor vehicle accident on the mainland, resulting in significant physical damage to the equipment. Plaintiff asserts that BAH's failure to properly vet Infinite Trucking—which he alleges was an inactive or unqualified carrier—proximately caused him to suffer economic and emotional damages in Puerto Rico. Based on these

allegations, Plaintiff filed the present action in this District, asserting claims under Puerto Rico's general tort statute, Article 1536 of the Civil Code (formerly Article 1802).[1]

BAH moves to dismiss the Complaint, attesting that it is a California limited liability company with its principal place of business in California. BAH further asserts that it is not authorized to conduct business in Puerto Rico, maintains no agents or offices here, and did not solicit Plaintiff's business within this forum. Accordingly, BAH argues that the Court lacks personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) because it lacks the requisite "minimum contacts" with Puerto Rico. In the alternative, BAH moves for dismissal under Rule 12(b)(6), arguing that Plaintiff's state-law tort claims are preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1).

The Court begins its analysis by addressing the threshold question of whether it may properly exercise personal jurisdiction over BAH.

## II.   Legal Standard: Motion to Dismiss for Lack of Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that the Court may properly exercise jurisdiction over the defendant. *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). When a district court considers such a motion without holding an evidentiary hearing, the plaintiff must make a *prima facie* showing that personal jurisdiction exists. *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016).

Under this standard, the Court must accept "properly documented" evidentiary proffers as true and "construe those proffers in the light most congenial to the plaintiff's jurisdictional claim." *A Corp.*, 812 F.3d at 58. While the Court gives "credence to the plaintiff's version of genuinely contested facts," it does not credit "conclusory allegations" or "draw unsupported factual inferences." *Baskin-Robbins*, 825 F.3d at 34. To defeat a

---

[1] The Court notes that following the 2020 revision of the Puerto Rico Civil Code, the general tort provision previously found at Article 1802 is now codified at Article 1536. *See* 31 P.R. Laws Ann. § 10801 (2020). The text of Article 1536 closely mirrors the fault-based liability of 1802, stating: "A person who by an act or omission causes damage to another through fault or negligence is obliged to repair it."

12(b)(2) motion, the plaintiff must proffer evidence that, if credited, "is enough to support findings of all facts essential to personal jurisdiction." *A Corp.*, 812 F.3d at 58. It is insufficient for a plaintiff to rely on "unsupported allegations in [the] pleadings"; rather, the plaintiff must "adduce evidence of specific facts" to demonstrate that jurisdiction exists. *Foster-Miller, Inc. v. Babcock & Wilcox Can.*, 46 F.3d 138, 145 (1st Cir. 1995). Simultaneously, the Court must consider any undisputed facts proffered by the defendant that bear on the jurisdictional inquiry. *Id.*

In a diversity case, a federal court may exercise personal jurisdiction over a defendant only if doing so is authorized by the forum state's long-arm statute and is consistent with the requirements of the Due Process Clause of the Fourteenth Amendment. *C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*, 771 F.3d 59, 65 (1st Cir. 2014). Puerto Rico's long-arm statute, P.R. Laws Ann. tit. 32, App. III, R. 4.7, extends jurisdiction to the full extent permitted by the Constitution. *See Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994). Accordingly, the Court's inquiry collapses into a single question: whether exercising jurisdiction over the defendant comports with constitutional due process. *Id.*

Due process permits the exercise of personal jurisdiction only where a defendant has certain "minimum contacts" with the forum such that maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### III.   <u>Discussion</u>

Defendant BAH moves for dismissal on two primary grounds. First, BAH seeks dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), asserting an absence of any meaningful contacts with, or connection to, this forum. Specifically, BAH contends that it is a California corporation with its principal place of business in California, is not authorized to do business in Puerto Rico, and lacks the requisite minimum contacts with this District. In the alternative, and without waiving its jurisdictional defenses, BAH moves for dismissal under Rule 12(b)(6). BAH argues that Plaintiff's Puerto Rico tort claims are preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1), and therefore fail to state a claim upon which relief can be granted.

As this matter is before the Court through the medium of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), the Court "acts as the 'functional equivalent of a state court sitting in the forum state.'" *Kuan Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 54 (1st Cir. 2020) (quoting *Baskin-Robbins*, 825 F.3d at 34). The burden of proving that personal jurisdiction may be properly exercised lies squarely with the Plaintiff. *Id.*

To establish jurisdiction, Plaintiff must demonstrate that the Court's exercise of authority satisfies both the Puerto Rico long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Id.* Because "the reach of Puerto Rico's long-arm statute is coextensive with the reach of the Due Process Clause," *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 552 (1st Cir. 2011), the Court may collapse the inquiry and determine whether exercising jurisdiction "falls within constitutional bounds." *S&S Imports, Inc. v. Cooper Tire & Rubber Co.*, No. 20-1064 (JAG), 2021 WL 5570327, at *3 (D.P.R. July 12, 2021). [1]

Under federal law, personal jurisdiction may be established through two distinct avenues: general or specific jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). General jurisdiction exists when a defendant's "systematic and continuous" activities within a forum are so substantial as to render the defendant essentially "at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 2851 (2011). Specific jurisdiction, by contrast, exists where the cause of action "arises directly out of, or relates to, the defendant's forum-based contacts." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088–89 (1st Cir. 1992).

If a plaintiff fails to satisfy either of these jurisdictional tests, the Court lacks the authority to adjudicate the claims against the defendant, and dismissal is warranted under Rule 12(b)(2).

A.    *General Jurisdiction*

General jurisdiction requires that a defendant's contacts within the forum be "so 'continuous and systematic' as to render [the non-resident defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). This is a significantly more "stringent" standard than that required for specific jurisdiction. *Noonan v. Winston Co.*, 135 F.3d 85, 93 (1st Cir. 1998). For a corporation, the "paradigm forums" for the exercise of general jurisdiction are its place of incorporation and

its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The inquiry focuses on the "quality and quantity" of the defendant's in-forum contacts; if these contacts do not exist in sufficient abundance, the inquiry ends. *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 288 (1st Cir. 1999); *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 465 (1st Cir. 1990).

In the present case, Plaintiff does not explicitly argue that BAH is subject to general personal jurisdiction in this District. To the extent such an argument could be inferred from the Complaint's broad allegation that BAH conducts business "throughout the [United States] including Puerto Rico," the Court finds it lacks the requisite specificity and evidentiary support.

BAH is a California entity with its headquarters located in California. It is "at home" in those jurisdictions, not in Puerto Rico. Plaintiff has neither alleged facts nor produced evidence to demonstrate that BAH's affiliations with this forum are so pervasive as to render it "at home" here. *See Goodyear*, 564 U.S. at 919. Indeed, a conclusory allegation of doing business nationwide is insufficient to satisfy the "exceptional" circumstances required to find a corporation at home in a forum other than its place of incorporation or principal place of business. *Daimler*, 571 U.S. at 139 n.19.

Accordingly, in the absence of any facts supporting the exercise of general jurisdiction, the Court finds that general jurisdiction over BAH does not lie in the District of Puerto Rico and proceeds to the specific personal jurisdiction inquiry.

B.      *Specific Jurisdiction*

Specific jurisdiction allows a court to hear a particular case so long as that case "relates sufficiently to, or arises from, a significant subset of contacts between the defendant and the forum." *Baskin-Robbins*, 825 F.3d at 35 (quoting *Phillips Exeter*, 196 F.3d at 288). For specific jurisdiction to attach, a defendant must maintain "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 17 (1st Cir. 2019) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

To establish such jurisdiction, the First Circuit employs a tripartite test, requiring a plaintiff to demonstrate: (1) <u>Relatedness</u>: The claim arises directly out of, or relates to, the defendant's forum-state activities; (2) <u>Purposeful Availment</u>: The defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thereby invoking the benefits and protections of its laws and rendering the defendant's involuntary presence in the forum's courts foreseeable; and (3) <u>Reasonableness</u>: The exercise of jurisdiction is ultimately reasonable in light of the "Gestalt factors." *See A Corp.*, 812 F.3d at 59; *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 60 (1st Cir. 2002).

Plaintiff bears the burden of proving each of these three prongs. A "failure as to any one of them defenestrates its claim of specific jurisdiction." *Kuan Chen*, 956 F.3d at 59. Indeed, the failure to make any one of these showings "dooms any effort to establish" specific personal jurisdiction. *Scottsdale Cap. Advisors Corp. v. The Deal, LLC*, 887 F.3d 17, 20 (1st Cir. 2018). Defendant BAH contends that Plaintiff has failed to meet this burden as to any of the three prongs. The Court addresses each in turn.

### a.   **Relatedness**

To satisfy the relatedness prong, the underlying action must "directly arise out of the specific contacts between the defendant and the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995). The Court must determine whether the claim "directly relates to or arises out of the defendant's contacts with the forum." *Phillips Exeter*, 196 F.3d at 288. While this is a "flexible and relaxed standard," *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 9 (1st Cir. 2009), it is not "an open door." *Vargas-Santos v. Sam's West, Inc.*, No. 20-1641 (GAG), 2021 WL 4768387, at *4 (D.P.R. Oct. 12, 2021) (quoting *Harlow v. Children's Hosp.*, 432 F.3d 50, 61 (1st Cir. 2005)). A plaintiff must establish a "material connection" between the claim and the defendant's forum-state contacts. *Id.*

Because Plaintiff's claims sound in tort, the relatedness inquiry focuses on whether Plaintiff has established cause in fact—meaning the injury would not have occurred "but for" the defendant's forum-state activity—and legal cause—meaning the defendant's in-state conduct "gave birth to the cause of action." *Scottsdale Cap. Advisors Corp. v. The*

*Deal, LLC*, 887 F.3d 17, 20–21 (1st Cir. 2018). In this context, the Court must keep the causation element at the "forefront of the due process investigation." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 207 (1st Cir. 1994).

Crucially, the relationship between the defendant, the forum, and the litigation must arise out of contacts that the "defendant himself created with the forum state." *Walden v. Fiore,* 571 U.S. 277, 284 (2014) *(*quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290. The plaintiff cannot serve as the "only link between the non-resident defendant and the forum." *Id.* at 285.

Here, Plaintiff must demonstrate a nexus between his negligence claims and BAH's activities in Puerto Rico. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021); *A Corp.*, 812 F.3d at 59. The record shows that BAH is a California company that has not transacted business in Puerto Rico, has not employed personnel or agents here, and has never resided in this District.

Plaintiff argues that relatedness is satisfied because he negotiated the contract with BAH from Puerto Rico and suffered economic harm here. However, the "nucleus" of this dispute—the selection of the carrier in the continental United States, the transportation of the equipment from Utah to Florida, and the subsequent accident in transit—occurred entirely outside of Puerto Rico. The allegedly tortious conduct (negligent broker liability) centers on BAH's purported failure to properly vet an inactive or unqualified motor carrier. This conduct, and the resulting physical damage to the pump truck, took place on the mainland. So, none of the operative facts giving rise to this dispute have any geographical ties to Puerto Rico. "There can be no requisite nexus between the contacts and the cause of action if no contacts exist." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 621 (1st Cir. 2001); *see also Swanson v. Coffeen*, 952 F. Supp. 2d 390, 395 (D.P.R. 2013).

The sole connection to this District is Plaintiff's residency. Plaintiff contends that because he resides here, the damages resulting from BAH's out-of-state omissions were "suffered" within this forum. This is legally insufficient. The First Circuit has long held that a plaintiff's residence in the forum is inadequate to satisfy the relatedness prong when

the operative facts occurred elsewhere. *See Carreras v. PMG Collins, LLC*, 660 F.3d 549, 554 (1st Cir. 2011). Stated simply, "the mere fact that a plaintiff feels the effect of a defendant's out-of-state conduct within the forum is not enough." *Id.* Indeed, an "indirect effect of [an] out-of-state injury caused by [an] out-of-state conduct is insufficient to fulfill the relatedness prong." *A Corp., Inc.*, 812 F.3d at 60.

Furthermore, *Calder v. Jones*, 465 U.S. 783 (1984), "cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction." *Swiss Am. Bank*, 274 F.3d at 623. To base jurisdiction solely on in-forum effects, a plaintiff must show the defendant "acted for the very purpose of causing harmful effects in the forum." *Id.* at 632. There is no evidence of such purposeful conduct here.

The First Circuit has consistently rejected the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts is "attenuated and indirect." *Harlow*, 432 F.3d at 61 (quoting *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 463 (1st Cir. 1990)). Here, because the connection between the cause of action and BAH's forum-state contacts is "attenuated and indirect," personal jurisdiction must be rejected. *Harlow*, 432 F.3d at 61; *see also González Cantón v. Mad Ruk Ent., Inc.*, No. 22-1458 (CVR), 2023 WL 4546545, at *6 (D.P.R. July 13, 2023).

Ultimately, the record establishes that BAH is domiciled in California and lacks any systematic relationship, connection, or presence within this District. Because the connection between Plaintiff's negligence claims and this forum is non-existent—and BAH's "contacts" with Puerto Rico are effectively illusory—Plaintiff has failed to satisfy the relatedness prong. *See Swiss Am. Bank*, 274 F.3d at 625 (holding that a failure to show relatedness is dispositive and ends the jurisdictional inquiry). Notwithstanding this fatal deficiency, the Court briefly addresses the remaining factors for the sake of completeness.

b.    **Purposeful Availment**

The purposeful availment prong requires the Court to determine whether the defendant's contacts with the forum represent a "purposeful decision by the defendant to participate in the local economy." *Baskin-Robbins,* 825 F.3d at 36. This requirement ensures that jurisdiction is not predicated on merely "random, isolated, or fortuitous"

contacts with the forum state. *See Sawtelle*, 70 F.3d at 1391 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984)). To satisfy this burden, a plaintiff must show that the defendant purposefully availed itself of the privilege of conducting activities within Puerto Rico, thereby invoking the benefits and protections of its laws. *See BlueTarp Fin., Inc. v. Matrix Constr. Co.*, 709 F.3d 72, 82 (1st Cir. 2013). The two "focal points" of this inquiry are voluntariness and foreseeability. *C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*, 773 F.3d 59, 66 (1st Cir. 2014).

Voluntariness requires that the defendant's contacts with the forum proximately result from its own actions, rather than the "unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475. Foreseeability requires that the defendant's contacts with the forum be such that it "should reasonably anticipate being hauled into court there." *Phillips Exeter*, 196 F.3d at 292 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Plaintiff argues that BAH purposefully availed itself of this forum by knowingly contracting with a Puerto Rico resident for the transport of equipment ultimately destined for the island. This argument is unavailing. The First Circuit has made clear that "the mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not, by itself, settle the purposeful availment question." *Baskin-Robbins*, 825 F.3d at 36.

In the present case, the "voluntariness" of BAH's contact with Puerto Rico is virtually non-existent. While Plaintiff argues that BAH was aware it was serving a Puerto Rico resident, the Supreme Court has clarified that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). The record is bereft of any factual allegation that BAH solicited Plaintiff's business in Puerto Rico, maintains offices or agents here, or targets this market through advertising or specialized services. Rather, it was the Plaintiff who unilaterally reached out to a California-based broker to arrange for services to be performed exclusively on the mainland. Contracting with an individual who happens to reside in Puerto Rico for services performed entirely outside the forum is the "epitome" of the "random, isolated, or fortuitous" connections that the Supreme Court has held are insufficient to support specific

jurisdiction. *See Burger King*, 471 U.S. at 475; *Keeton*, 465 U.S. at 774. Because BAH did not purposefully direct its activities toward Puerto Rico, it could not have reasonably anticipated being hauled into court in this District.

As established in the preceding analysis, the record is devoid of evidence that BAH conducts any business activity in Puerto Rico. Absent such activity, there can be no "voluntary" direction of conduct toward this forum. "This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 624 (1st Cir. 2001). Here, BAH did nothing to invoke the benefits or protections of Puerto Rico's laws; it merely engaged in a commercial transaction with an individual who resided there. The "effects" of the contract—the eventual shipment of the truck to Puerto Rico—cannot serve as the basis for jurisdiction. As established in *Walden*, the defendant's suit-related conduct must create a substantial connection with the forum State itself, not just with a person who resides there.

Furthermore, the downstream "effects" of the contract—namely, the eventual shipment of the truck to Puerto Rico by a third party—cannot serve as the basis for jurisdiction. Under *Walden*, the defendant's suit-related conduct must create a substantial connection with the forum State itself, not merely with a resident of that State. 571 U.S. at 284–85. BAH's awareness of Plaintiff's residency is a "thin reed" upon which to hang jurisdiction when the entirety of the defendant's performance of the contract—the vetting of the carrier and the coordination of the Utah-to-Florida transit—occurred thousands of miles away.

In sum, Plaintiff has failed to meet the burden of proffering facts sufficient to demonstrate that this Court may exercise personal jurisdiction over BAH without offending due process. A plaintiff's failure to satisfy any of the three prongs of the specific jurisdiction inquiry "dooms any effort to establish such jurisdiction." *Scottsdale Cap. Advisors Corp. v. The Deal, LLC*, 887 F.3d 17, 20 (1st Cir. 2018). Although the absence of relatedness and purposeful availment is dispositive of the jurisdictional question, the Court concludes by briefly addressing the final "Gestalt" factor.

### c.      **Reasonableness (The Gestalt Factors)**

The final stage of the specific jurisdiction inquiry involves an assessment of the "Gestalt factors" to determine whether the exercise of jurisdiction is reasonable and comports with "fair play and substantial justice." *Burger King*, 471 U.S. at 476. These factors include: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all nations in promoting substantive social policies. *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 209 (1st Cir. 1994).

While the First Circuit has noted that the reasonableness inquiry only becomes "pivotal" if the plaintiff has first established relatedness and purposeful availment, which Plaintiff here has not, *Sawtelle*, 70 F.3d at 1394, the Gestalt factors also weigh heavily in favor of dismissal.

<u>First</u>, the burden on BAH—a small California-based entity—to defend a lawsuit in Puerto Rico regarding a mainland traffic accident is significant. While modern transportation has eased some burdens of travel, the logistical strain of litigating far from its principal place of business and the location of the operative facts is a primary concern. *See Ticketmaster*, 26 F.3d at 210 (noting that the burden on a defendant "only becomes meaningful" when it is "special or unusual," such as being forced to litigate in a distant forum). <u>Second</u>, Puerto Rico has a minimal interest in adjudicating this dispute. Although the forum has a general interest in protecting its residents, that interest is "significantly diminished" where, as here, the allegedly tortious conduct—the negligent vetting of a carrier—and the resulting physical accident occurred entirely in the continental United States. <u>Third</u>, while Plaintiff naturally prefers the convenience of his home forum, "this interest is not a 'stand-alone' basis for the exercise of jurisdiction." *Vargas-Santos*, 2021 WL 4768387, at 6. <u>Finally</u>, the judicial system's interest in the most effective resolution of the controversy favors a forum where the evidence and witnesses regarding the motor vehicle accident and the brokerage contract are located. Litigating this matter in Puerto Rico, thousands of miles from the scene of the accident and the seat of the contract formation, would be an inefficient use of judicial resources.

In conclusion, the burden on a California logistics firm to litigate a Utah-to-Florida transport dispute in Puerto Rico would be substantial, while the forum's interest in adjudicating a mainland traffic accident is minimal. In light of the foregoing, the exercise of personal jurisdiction over BAH would be unreasonable and would not comport with the requirements of the Due Process Clause.

C.    *Request for Jurisdictional Discovery*

In his opposition to the Motion to Dismiss, Plaintiff requests the opportunity to conduct limited jurisdictional discovery "to identify the scope of BAH's contacts with Puerto Rico especially as to solicitation, marketing, and prior shipments." (Docket No. 18 at 5). The First Circuit has held that a "timely and properly supported" request for jurisdictional discovery should be granted where the plaintiff has presented a "colorable case" for the existence of personal jurisdiction. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001). However, the court is not required to permit "fishing expeditions" when the plaintiff's claim of jurisdiction is based on mere conjecture. *Id.* at 626.

Here, Plaintiff has failed to meet the "colorable case" threshold. As discussed above, the fatal flaw in Plaintiff's jurisdictional claim is the lack of "relatedness" between BAH's alleged tortious conduct on the mainland and this forum. Even if discovery were to reveal that BAH has engaged in general marketing or has coordinated other shipments involving Puerto Rico, such contacts would not cure the absence of a nexus between *this* specific cause of action and this District. Because the "nucleus of operative facts" and the entire performance of the contract in question—specifically regarding the vetting of the carrier and the resulting accident—are indisputably tied to the continental United States—not even remotely to Puerto Rico—jurisdictional discovery would be futile. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's request for limited jurisdictional discovery be **DENIED**.

IV.    **Conclusion**

For the reasons set forth above, the undersigned finds that Plaintiff has failed to establish that this Court may exercise personal jurisdiction over Defendant BAH Logistics LLC. Plaintiff has failed to satisfy either the "relatedness" or "purposeful availment"

prongs of the specific jurisdiction inquiry, and the exercise of jurisdiction would otherwise be unreasonable under the "Gestalt factors." Consequently, it is unnecessary for the Court to address Defendant's alternative arguments regarding FAAAA preemption or the failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Accordingly, the undersigned **RECOMMENDS** that Defendant BAH Logistics LLC's Motion to Dismiss (Docket No. 15) be **GRANTED** for lack of personal jurisdiction and that the claims against BAH be **DISMISSED WITHOUT PREJUDICE**. The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file timely objections shall constitute a waiver of the right to appellate review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Scott v. Hubbell*, 73 F.3d 409, 411 (1st Cir. 1995).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of March 2026.

> *s/Marshal D. Morgan*
> MARSHAL D. MORGAN
> United States Magistrate Judge